UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SCOTT ALAN PARDEE,

    Plaintiff,

v.                                                        Case No. 2:09-cv-44
                                                        HON. GORDON J. QUIST

UNKNOWN BONE, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Scott Alan Pardee, an inmate currently confined at the Alger Maximum Correctional Facility (LMF), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Officer Bone and Officer Ballenbach. Plaintiff's complaint alleges that he was never informed of the housing rules when he arrived at LMF on April 8, 2008. Plaintiff filed a grievance on August 5, 2008, complaining that he should not receive misconduct tickets for rule violations when the rules are not posted or otherwise available to inmates. Plaintiff grieved that his due process rights were violated. A few days later, plaintiff asserts that defendant Bone told plaintiff that he could make plaintiff's time "a bit more uncomfortable" if plaintiff continued to complain about petty things.

On August 14, 2008, defendants Bone and Ballenbach searched plaintiff's cell while plaintiff was in the shower. Plaintiff's mattress, sheets and blankets were removed and plaintiff was placed on food loaf. Plaintiff states he asked for a blanket later that evening and defendant Bone told him to "stop bitching" and be thankful that he was not chained down. Plaintiff states that he had a heated exchange with defendant Bone. Defendant Bone then had plaintiff's entire cell "stripped"

by locking everything into plaintiff's footlocker. Defendant Bone stated to plaintiff, "However, far you want to go I will go." Plaintiff said that he would stop asking for a mattress substitution. Plaintiff claims that with this concession, defendant Bone opened the footlocker. Plaintiff complains that his property was removed in retaliation for writing grievances. Plaintiff claims that defendants fabricated the original cell inventory sheet to reflect that his mattress was in excellent condition. Plaintiff asserts that his mattress was defective when he arrived in his cell and that the original cell inventory sheet indicated that the mattress was defective. Plaintiff claims that he sent the original cell inventory sheet to the hearings officer and is unable to obtain a copy of the original.[1] Plaintiff complains that his requests for an investigation have been ignored and that defendants conspired against him. Plaintiff requests that a jury hear his claims.

Defendant Bone states that he conducted a routine shakedown of plaintiff's cell when it was discovered that plaintiff's mattress had been damaged. Strips from sheets were torn and the mattress had a hole in it. The torn strips had been made into a rope which measured over ten feet long. Plaintiff was placed on a food loaf restriction because he had stored two uneaten burritos in a shirt sleeve inside his cell. Defendant Bone states that plaintiff was placed on a footlocker restriction after he refused two orders to stop banging on his footlocker. Plaintiff was banging on his footlocker in apparent frustration after arguing with a fellow inmate. Plaintiff was issued a misconduct ticket and was found guilty over the incident.

---

[1] Plaintiff requests that the court obtain the original cell inventory sheet. Defendants have attached the cell inspection sheet to their motion as an exhibit which indicates that the mattress was "excellent" on April 8, 2007. LMF Resident Unit Officer Kelley Johnson has submitted an affidavit stating that she filled out this inspection sheet on April 8, 2007. She had cleaned and inspected the cell prior to prisoner Pardee's arrival in the cell. At that time, she noted that the mattress was in excellent condition. She further states that the mattress had no holes, tears or loose strings on it.

Defendants move for summary judgment. Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52. Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

Plaintiff claims that defendants conspired to retaliate against him by issuing him a false misconduct ticket. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir.1999)

(en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Thaddeus-X*, 175 F.3d at 394. Moreover, Plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

Plaintiff was found guilty of the misconduct after a hearing. The hearing officer explained:

> DESTRUCTION: On 8/14/08 it was discovered that the prisoner had put a hole in his mattress and pulled out strings. This was done intentionally due to the extent of the damage. Cost of repair is $48.33. Prisoner claims that the mattress was issued to him in this condition and he told Peterson about it when he moved into the cell. Prisoner is not believed. First, the prisoner did not act as if he believed himself during his hearing. Second, his claims did not have the ring of truth. Third, the cell inspection, which happened to have been done by the reporting staff member, indicates that the mattress was in "excellent" condition when the prisoner moved into the cell. Fourth, Peterson did not support the prisoner's claims. Fifth, the damage is too obvious to have been overlooked during the cell inspection. Reporting staff member factual and is credible as to what he found and prisoner is not believed it was issued to him in this condition. Charge upheld.

Plaintiff has not come forth with any evidence to show that defendants falsified documents or that plaintiff did not damage his mattress. Plaintiff's assertion of a conspiracy and the falsification of documents is unsupported in the record. In the opinion of the undersigned, plaintiff has failed in his burden of overcoming defendants' motion for summary judgment.

Defendants alternatively move for qualified immunity. Government officials, performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Dietrich v. Burrows*, 167 F.3d 1007, 1012 (6th Cir. 1999); *Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997); *Noble v. Schmitt*, 87 F.3d 157, 160 (6th Cir. 1996); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). An "objective reasonableness" test is used to determine whether the official could reasonably have believed his conduct was lawful. *Dietrich*, 167 F.3d at 1012; *Anderson v. Creighton*, 483 U.S. 635, 641 (1987). "Qualified immunity balances two important interests-the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 129 S. Ct. 808, 815 (2009).

In making a qualified immunity determination the court must decide whether the facts as alleged or shown make out a constitutional violation or whether the right that was allegedly violated was a clearly established right at the time of the alleged misconduct. *Id.* at 816. If the court can conclude that either no constitutional violation occurred or that the right was not clearly established, qualified immunity is warranted. The court may consider either approach without regard to sequence. *Id*. As previously discussed, because plaintiff cannot establish that his constitutional rights were violated, defendants are entitled to qualified immunity.

Accordingly, it is recommended that defendants' motions for summary judgment (Docket #19 and #26) be granted and this case be dismissed in its entirety. It is further recommended that plaintiff's motion to appoint counsel (Docket #33) be denied.

Should the court adopt the report and recommendation in this case, the court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the undersigned recommends granting Defendants' motion for summary judgment, the undersigned discerns no good-faith basis for an appeal. Should the court adopt the report and recommendation and should Plaintiff appeal this decision, the court will assess the $455 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455 appellate filing fee in one lump sum.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: February 16, 2010